Jacqueline Mendez Soto, 022597
James E. Barton II, 023888
Charles W. Lucking, 031964
Joshua A. Barro, 039369
BARTON MENDEZ SOTO PLLC
6625 S. Rural Road, Suite 111
Tempe, Arizona 85283
(480) 550-5165
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Charles@bartonmendezsoto.com
Josh@bartonmendezsoto.com

*Attorney for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE STATE OF ARIZONA

| | |
|---|---|
| Living United for Change in Arizona (LUCHA), an Arizona nonprofit corporation; Miriam Georgina Mendez, an individual; Osvaldo Alvarez, an individual; Vivian Serafin, an individual; Dayne Saldana, an individual; Faith Ramon, an individual; Leilani Ramos Matu'u, an individual; Rocio Patino, an individual; and Pedro Paredes, an individual; | Case No.: |
| Plaintiffs, | **MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION** |
| v. | **(Expedited Consideration Requested)** |
| Warren Peterson, in his individual and official capacity as Senate President; Steve Montenegro, in his individual and official capacity as Speaker of the House; and Does I-V in their individual and official capacities, | |
| Defendants. | |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Living United for Change in Arizona ("LUCHA"), Miriam Georgina Mendez, Osvaldo Alvarez, Vivian Serafin, Dayne Saldana, Faith Ramon, Leilani Ramos Matu'u, Rocio Patino, and Pedro Paredes (collectively "Plaintiffs"), by and through undersigned counsel, request preliminary and permanent injunctive relief against Defendants. This motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Plaintiffs seek relief from the unreasonable and unlawful restraint on their constitutional rights imposed by Senator Warren Peterson and Representative Steve Montenegro (jointly, "Defendants"), namely their ban from the Senate and House buildings at the State Capitol. Plaintiffs have suffered actual and irreparable harm from Defendants' unlawful actions and will continue to suffer harm without preliminary and permanent injunctive relief.

### II.    Factual Background

Plaintiffs are LUCHA, a nonprofit organization well-known for its advocacy in support of marginalized communities, including people of color and immigrants, and its employees and members who advance its mission. [Verified Complaint (filed 4/3/2026) ("Ver. Compl.") ¶ 5.]  The organization is popularly known by its acronym, LUCHA.

LUCHA maintains a presence in the Arizona Legislature through its employees and members who attend committee hearings, meeting with legislators, and other events open to the public. LUCHA employees have engaged in these activities during the 57th Legislature currently in effect. In January and February 2026, Plaintiffs attended hearings related to legislation that targets individuals and communities of color, including S.B. 1635, 57th Legislature, 2d Reg. Sess. (Ariz. 2026) ("SB1635") and S.B. 1570, 57th Legislature, 2d Reg. Sess. (Ariz. 2026) ("SB1570"). [Ver. Compl. ¶¶ 18-20, 34-35.]

Plaintiffs Miriam Georgina Mendez ("Mendez") and Osvaldo Alvarez ("Alvarez") attended a hearing on SB1570 on January 26, 2026. [Ver. Compl. ¶ 20.] On February 2, 2026, the Defendant Senate President Warren Peterson banned their entry into the Senate building and threatened to arrest them if they entered. [Ver. Compl. ¶ 23.] The message was delivered by Sergeant at Arms Joseph Kubacki in writing, which stated as follows:

> Due to your disorderly behavior in the Senate building and your violation of ARS 41-1221(B) you are formally trespassed from the Senate building for the duration of this Legislative Session. If you attempt to enter during this period you will be subject to arrest.

2

The notice was not on letter head nor signed by anyone. It was not addressed to anyone in particular nor did it identify the alleged disorderly behavior. It provided no information on how to object to the associated deprivation of the recipient's liberty interest. [Ver. Compl. ¶ 26.]

On or about February 11, Defendant House Speaker Steve Montenegro also banned Alvarez from entering the House building. [Ver. Compl. ¶ 29.] According to a House security offer, Alvarez was banned from entering the House building for alleged activity outside in the public areas of the Capitol. The House ban was not issued in writing. [Ver. Compl. ¶ 33.]

On February 18, 2026, Plaintiffs Vivian Serafin, Dayne Saldana, Faith Ramon, Leilani Ramos Matu'u, Rocio Patino, and Pedro Paredes attended a hearing on SB1635. [Ver. Compl. ¶ 34.] On February 20, they planned to attend additional hearings. Security officers prohibited their entry and issued them the same written notice of their ban from the Senate building. [Ver. Compl. ¶ 41-42.]

All Plaintiffs were banned for the entire legislative season based on a blanket statement of "disorderly behavior." None of the Plaintiffs have attempted to return to the Capitol due to the threat of arrest if they return. Plaintiffs have been denied their rights to engage the legislature, individual legislators, and other officials, and will continue to be denied their rights for the remainder of the current legislative session. [Ver. Compl. ¶ 26.]

### III.    Argument

The ban against Plaintiffs is unlawful in two distinct manners: (1) it is an unreasonable restriction and (2) it is based on discriminatory motives. A preliminary injunction is appropriate against Defendants if Plaintiffs demonstrate (1) a likelihood of success on the merits on either of these two bases, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in Plaintiff's favor, and (4) that the injunction is in the public interest. *Baird v. Bonta*, 81 F.4th1036, 1040 (9th Cir. 2023). The four elements are balanced, so that a stronger showing of one element may offset a weaker showing of another. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir.

2020).

**A.  Plaintiffs are likely to succeed on the merits because an absolute ban from the entire Senate or House building for the remainder of the legislative session is an unreasonable restriction.**

This Court has found that the Senate building is a limited public forum because of the public's right to participate by testimony, expressive activity, or attendance in legislative proceedings. *See, e.g.*, *Reza v. Pearce*, No. CV11–1170–PHX–FJM, 2012 WL 6728259 *3 (D. Ariz. Dec. 28, 2012) *reversed on other grounds* by *Reza v. Pearce*, 806 F.3d 497, 503, 507 (9th Cir. 2015) (affirming the building is limited public forum and reversing summary judgment because the then Senate President's ban of the plaintiff from the Senate building was unreasonable). The House and Senate buildings operate in the same or similar manner as it relates to the public; both buildings are the center for hearing, debating, and voting on legislation. Thus, they are both limited public forums.

All Plaintiffs were banned from the Senate building for alleged disorderly behavior. Alvarez was also banned from the House building for alleged behavior outside of the House building, in other words, the sidewalk, a public forum. "A restriction on expressive conduct in a limited forum must be 'reasonable in light of the purpose served by the forum[.]" *Reza*, 806 F.3d. at 504.

In a limited public forum, an unreasonable restriction is one that fails to be reasonable in light of the forum's purpose. Imposing a total ban over the entire Senate or House building is excessive. These buildings contain the Senate or House chambers where the elected officials debate and vote on legislation. They also contain committee rooms that hold hearings and meetings that are open to the public. The elected officials have their offices in these buildings where they meet with constituents. Banning Plaintiffs from all access for any purpose clearly exceeds the bounds of reasonableness. *See Reza* 806 at 505 (finding that then Senate President Pearce exceeded the bounds of reasonableness by imposing a total ban on plaintiff for alleged disorderly behavior during a committee hearing).

Further, if the alleged disorderly behavior was Plaintiffs' expressive during the

hearings, the issue was resolved during the hearing. They respectfully and peacefully left the hearing upon request. No further action against them was required. The extra punishment to ban them from the entire building for the rest of the session was punitive.

The restriction against Alvarez as to the House building is even more egregious in that it arises from activity that allegedly took place outside the building on the public sidewalk. It is unreasonable and retaliatory to restrict Alvarez's access to a limited public forum based on alleged activity that took place in a public forum.

The likelihood of success on the merits is the most important factor when constitutional claims are at issue. That is because a violation of constitutional rights will likely result in harm and it is always in the public's interest to prevent those violations. See Baird, 81 F.4th at 1040. Thus, if the plaintiff has shown a likelihood of success on the merits, as Plaintiffs have here, injunctive relief is warranted.

**B.    Plaintiffs are likely to succeed on the merits that the unreasonable restriction was based on viewpoint and association, and a denial of equal protection.**

An unreasonable restriction in a limited public forum is also one that discriminates based on viewpoint. Viewpoint discrimination occurs when "the government targets not subject matter, but particular views taken by speakers on a subject." *DiLoreto v. Downey Unified School Dist. Bd. of Educ.*, 196 F.3d 958, 969 (9th Cir. 1999). Prohibiting speech by particular speakers and the suppression of speech based on the speaker's motivating ideology, opinion, or perspective is impermissible. *See Moss v. Secret Service*, 572 F.3d 962, 970 (9th Cir. 2009).

Plaintiffs attended the legislative hearing to express their opposition to bills that are hostile against immigrants and people of color. Defendants are proponents of these anti-diversity and anti-immigrant bills. By banning Plaintiffs, Defendants have effectively silenced the primary voices of a specific political viewpoint within the legislative forum.

Further, Defendants did not target white individuals who took part in the same or similar expressive activity as Plaintiffs. In fact, Plaintiff Saldana did not verbalize opposition during the hearings but was associated with LUCHA. Saldana was banned

despite her only activity being attending the hearing.

A finding of viewpoint discrimination does not require an explicit statement by the government that its decision to restrict speech is based on the speaker's viewpoint. "A regulation engages in viewpoint discrimination when it regulates speech based on the specific motivating ideology or perspective of the speaker." *B & L Prods., Inc. v. 22nd Dist. Agric. Ass'n*, 394 F. Supp. 3d 1226, 1245–46 (S.D. Cal. 2019) (finding it "difficult to conceive of the Moratorium on gun shows as anything other than a restriction of speech with a *pro-gun* or *pro-second amendment* viewpoint."). Similarly, a bill that "places a near-blanket ban on 'drag story hour' in schools and libraries receiving public funds," was held to be a facially viewpoint-based restriction. *Imperial Sovereign Ct. v. Knudsen*, 699 F. Supp. 3d 1018, 1038 (D. Mont. 2023).

Taken together, these facts support that Defendants acted against Plaintiffs because of their opposition to the bills that Defendants support and because of Plaintiffs' race

**C.      Plaintiffs have suffered actual irreparable harm.**

A violation of constitutional rights will almost always demonstrate harm that no further showing of irreparable injury is necessary. *Baird*, 81 F.4th at 1042. Plaintiffs have already suffered harm and will continue to do so.

Since their complete ban from the Senate building and from the House building for Alvarez, they have missed many opportunities to attend and participate in hearings and meetings. The Senate alone has held approximately 70 standing committee hearings, any one of which could have been attended by Plaintiffs. Further, the ban restricts Plaintiffs' right to have individual meetings with elected officials in their offices, which is a common activity for them to meet with legislators at their office. This is actual harm that has already occurred. *See Al Otro Lado*, 952 F.3d at 1007.

**D.      The balance of equities and public interest tips in the plaintiff's favor.**

"'Where the government is a party to a case in which a preliminary injunction is sought, the balance of the equities and public interest factors merge.'" *Santa Cruz Lesbian and Gay Community Ctr. v. Trump*, 508 F.Supp.3d 521, 546 (N.D. Cal. 2020). "It is always

in the public interest to prevent the violation of a party's constitutional rights" *Id*.

Because Plaintiffs have shown a likelihood of success on the merits, the government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Baird*, 81 F.4th at 1042. Therefore, the combined balance of equities and public interest weighs in favor of Plaintiffs.

### IV.    Security

The Court should exercise its discretion to dispense with the security requirement because Plaintiffs' constitutional rights are at issue. *See, e.g.*, *Mi Familia Vota v. Hobbs*, 492 F.Supp.3d 980, 989 (D. Ariz. 2020).

**WHEREFORE**, Plaintiffs request that the court issue:

A.    A Preliminary and permanent injunction requiring Defendants to rescind their unlawful restriction and restore Plaintiff's access to the Senate and House buildings.

B.    An award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and the private attorney general doctrine.

**DATED** this 3rd day of April 2026.

BARTON MENDEZ SOTO PLLC

By: _____
Jacqueline Mendez Soto
James E. Barton II
Charles W. Lucking
Joshua A. Barro
6625 S. Rural Road, Suite 111
Tempe, AZ 85283
*Attorneys for Plaintiffs*