

649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078

Kory Langhofer, Ariz. Bar No. 024722
kory@statecraftlaw.com
Thomas Basile, Ariz. Bar. No. 031150
tom@statecraftlaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Living United for Change in Arizona (LUCHA), *et al.*,<br><br>            Plaintiffs,<br><br>v.<br><br>Warren Petersen, *et al.*,<br><br>            Defendants. | No. 2:26-cv-02320-SMB<br><br><br><br>**ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT** |

Pursuant to Fed. R. Civ. P. 8, Defendants Warren Petersen, in his official capacity as the President of the Arizona State Senate, and Steve Montenegro, in his official capacity as the Speaker of the Arizona House of Representatives, answer the Plaintiffs' Verified Complaint (the "Complaint") as follows:

1. Paragraph 1 of the Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny that Plaintiffs have stated a valid claim or are entitled to relief under the First and Fourteenth Amendments to the United States Constitution.

2. Paragraph 2 of the Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny that Plaintiffs have stated a valid claim or are entitled to relief under 42 U.S.C. § 1983.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is necessary, Defendants deny that Plaintiffs have stated a valid claim or that a justiciable case or controversy continues to exist. Defendants deny any remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit that venue is proper in this forum but deny any remaining allegations in paragraph 4 of the Complaint.

5. Defendants admit the allegations in the first sentence of paragraph 5 but deny all remaining allegations in paragraph 5 of the Complaint.

6. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 6 of the Complaint, and therefore deny them.

7. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 7 of the Complaint, and therefore deny them.

8. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 8 of the Complaint, and therefore deny them.

9. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 9 of the Complaint, and therefore deny them.

10. Defendants are without knowledge or information sufficient to form a belief

as the truth of the allegations in paragraph 10 of the Complaint, and therefore deny them.

11.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 11 of the Complaint, and therefore deny them.

12.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 12 of the Complaint, and therefore deny them.

13.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 13 of the Complaint, and therefore deny them.

14.     Defendants admit the allegations in the first three sentences of paragraph 14 of the Complaint.  Defendants deny that Plaintiffs have stated a valid claim against President Petersen in his official or individual capacities, and deny any remaining allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in the first two sentences of paragraph 15 of the Complaint.  Defendants deny that Plaintiffs have stated a valid claim against Speaker Montenegro in his official or individual capacities, and deny any remaining allegations in paragraph 15 of the Complaint.

16.     Defendants deny that President Petersen or Speaker Montenegro "devise[d] and execut[ed]" any "unreasonable and unlawful ban."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and therefore deny them.

17.     Defendants deny the Complaint's characterization of "the no-trespass orders" but admit the remaining allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 19 of the Complaint, and therefore deny them.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 20 that Mendez and Alvarez attended the hearing in their capacity as employees of LUCHA.  Defendants deny the remaining allegations in paragraph 20 of the Complaint, and further answering state that S.B. 1570

was not considered at a January 26, 2026 hearing.

21. Defendants admit the allegations in paragraph 21 of the Complaint.

22. Defendants deny the allegations in paragraph 22 of the Complaint.

23. Defendants admit the allegations in paragraph 23 of the Complaint.

24. Defendants admit the allegations in paragraph 24 of the Complaint.

25. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 25 of the Complaint, and therefore deny them.

26. The alleged document that Kubacki handed to Mendez and Alvarez speaks for itself. Further answering, Defendants deny that the document was interpreted or applied by Defendants to ban the Plaintiffs from all access to the Capitol premises during the legislative session. Defendants deny any remaining allegations in paragraph 26 of the Complaint.

27. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 27 of the Complaint concerning what the Plaintiffs do or do not deny, and therefore deny them. Defendants deny any remaining allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations in paragraph 28 of the Complaint. Further answering, Defendants state that Plaintiff Mendez subsequently sought and was allowed entry to the Senate Building.

29. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 29 of the Complaint, and therefore deny them.

30. Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 30 of the Complaint, and therefore deny them.

31. Defendants deny the allegations in paragraph 31 of the Complaint. Further answering, Defendants state that Alvarez violated pre-existing and facially neutral regulations that prohibit the use of sound amplification devices on the State Capitol grounds.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants are without knowledge or information sufficient to form a belief

3

as the truth of the allegations in paragraph 33 of the Complaint, and therefore deny them.

34.    Defendants deny the allegations in paragraph 34 that purport to describe S.B. 1635 but admit the remaining allegations in paragraph 34 of the Complaint.

35.    Defendants admit that a LUCHA member testified in opposition to S.B. 1635 but deny the remaining allegations in paragraph 35 of the Complaint.

36.    Defendants deny the allegations in paragraph 36 of the Complaint.  Further answering, Defendants state that Chair Rogers used the gavel to restore order in the committee proceedings following Plaintiffs' unlawful disruptions of it.

37.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 37 of the Complaint, and therefore deny them.

38.    Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

41.    The content of the alleged document that a Senate security guard handed to Serafin, Saldana, Ramon, Ramos, Patino, and Parades speaks for itself.  Further answering, Defendants deny that the document was interpreted or applied by Defendants to ban the Plaintiffs from all access to the Capitol premises during the legislative session.  Defendants deny any remaining allegations in paragraph 41 of the Complaint.

42.    The content of the alleged document that a Senate security guard handed to Serafin, Saldana, Ramon, Ramos, Patino, and Parades speaks for itself.  Further answering, Defendants deny that the document was interpreted or applied by Defendants to ban the Plaintiffs from all access to the Capitol premises during the legislative session.  Defendants deny any remaining allegations in paragraph 42 of the Complaint.

43.    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 46 of the Complaint concerning the unidentified

4

ostensible LUCHA members who allegedly were not banned, and therefore deny them. Defendants deny any allegation that decisions to issue "bans" or no-trespass notices were in any way predicated on or motivated by, directly or indirectly, the race or ethnicity of the recipient.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     The contents of the notices allegedly issued to the Plaintiffs speak for themselves.  Further answering, Defendants deny that the notice was interpreted or applied by Defendants to ban the Plaintiffs from all access to the Capitol premises during the legislative session.  Defendants deny any remaining allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 52 of the Complaint, and therefore deny them.

53.     Defendants are without knowledge or information sufficient to form a belief as the truth of the allegations in paragraph 53 of the Complaint, and therefore deny them.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants incorporate by reference the foregoing responses as if fully set forth herein.

57.     Paragraph 57 of the Complaint sets forth a legal conclusion to which no response is required.

58.     Paragraph 58 of the Complaint sets forth a legal conclusion to which no response is required.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

5

62.    Defendants deny the allegations in paragraph 62 of the Complaint.

63.    Defendants deny the allegations in paragraph 63 of the Complaint.

64.    Defendants incorporate by reference the foregoing responses as if fully set forth herein.

65.    Paragraph 65 of the Complaint sets forth a legal conclusion to which no response is required.

66.    Paragraph 66 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is necessary, Defendants deny that any temporary exclusions of the Plaintiffs from the Capitol premises were based on "protected political speech."

67.    Defendants deny the allegations in paragraph 67 of the Complaint.  Further answering, Defendants state that Plaintiffs plead no facts indicating there exist "advocates who shared Defendants' viewpoint on SB1365 and SB1570" who engaged in disruptive behavior comparable to that exhibited by the Plaintiffs.

68.    Defendants deny the allegations in paragraph 68 of the Complaint.

69.    Defendants deny the allegations in paragraph 69 of the Complaint.

70.    Defendants deny the allegations in paragraph 70 of the Complaint.

71.    Defendants incorporate by reference the foregoing responses as if fully set forth herein.

72.    Paragraph 72 of the Complaint sets forth a legal conclusion to which no response is required.  The provisions of the First Amendment speak for themselves.

73.    Paragraph 73 of the Complaint sets forth a legal conclusion to which no response is required.

74.    Defendants deny the allegations in paragraph 74 of the Complaint.

75.    Defendants deny the allegations in paragraph 75 of the Complaint.

76.    Defendants deny the allegations in paragraph 76 of the Complaint.

77.    Defendants incorporate by reference the foregoing responses as if fully set forth herein.

6

78.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Complaint, and therefore deny them.

79.     Paragraph 79 of the Complaint sets forth a legal conclusion to which no response is required.  The provisions of the First Amendment speak for themselves.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.     Defendants deny the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint.

84.     Defendants incorporate by reference the foregoing responses as if fully set forth herein.

85.     Defendants deny the allegations in paragraph 85 of the Complaint.  Further answering, Defendants state that Alvarez violated pre-existing and facially neutral regulations that prohibit the use of sound amplification devices on the State Capitol grounds.

86.     Defendants deny the allegations in paragraph 86 of the Complaint.  Further answering, Defendants state that certain sidewalks adjacent to the Capitol building are within the boundaries of the State Capitol grounds.

87.     Paragraph 87 of the Complaint sets forth a legal conclusion to which no response is required.  The provisions of the First Amendment speak for themselves.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Complaint, and therefore deny them. Further answering, Defendants state that Alvarez violated pre-existing and facially neutral regulations that prohibit the use of sound amplification devices on the State Capitol grounds, but they do not know the content of the speech he was yelling through the bullhorn.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint, and therefore deny them. Further answering, Defendants state that Alvarez violated pre-existing and facially neutral regulations that prohibit the use of sound amplification devices on the State Capitol grounds.

7

91.    Defendants deny the allegations in paragraph 91 of the Complaint.

92.    Defendants deny the allegations in paragraph 92 of the Complaint.

93.    Defendants incorporate by reference the foregoing responses as if fully set forth herein.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint, and therefore deny them.

95.    Defendants deny the allegations in paragraph 95 of the Complaint.

96.    Defendants deny the allegations in paragraph 96 of the Complaint.

97.    Defendants deny the allegations in paragraph 97 of the Complaint.

98.    Defendants admit that there is not a compelling state interest that justifies removals from committee hearings on the basis of race or ethnicity, but deny that any such discrimination occurred and deny any remaining allegations in paragraph 98 of the Complaint.

99.    Defendants incorporate by reference the foregoing responses as if fully set forth herein.

100.    Paragraph 100 of the Complaint sets forth a legal conclusion to which no response is required.

101.    Defendants deny the allegations in paragraph 101 of the Complaint.

102.    Defendants deny the allegations in paragraph 102 of the Complaint.

### Prayer for Relief

Plaintiffs' prayer for relief sets forth legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiffs are entitled to any form of relief against the Defendants.

### AFFIRMATIVE DEFENSES

### Affirmative Defense No. 1: Legislative Immunity

Defendants are immune from Plaintiffs' claims in their respective official and personal capacities pursuant to the federal common law legislative immunity for state legislators and state legislative aides and assistants.  *See Gravel v. United States*, 408 U.S.

606 (1972); *Tenney v. Brandhove*, 341 U.S. 367, 376–77 (1951).

**Affirmative Defense No. 2: Qualified Immunity**

Defendants are immune from Plaintiffs' claims in their respective personal capacities because they did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

RESPECTFULLY SUBMITTED this 8th day of June, 2026.

STATECRAFT PLLC

By:    /s/Thomas Basile
Kory Langhofer
Thomas Basile
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2026, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

/s/ Thomas Basile