

649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078

Kory Langhofer, Ariz. Bar No. 024722
kory@statecraftlaw.com
Thomas Basile, Ariz. Bar. No. 031150
tom@statecraftlaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Living United for Change in Arizona (LUCHA), *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>Warren Petersen, *et al.*,<br><br>                              Defendants. | No. 2:26-cv-02320-SMB<br><br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants Warren Petersen, in his official capacity as the President of the Arizona State Senate, and Steve Montenegro, in his official capacity as the Speaker of the Arizona House of Representatives, move that the Court dismiss the Plaintiffs' claims for injunctive, declaratory, or other prospective remedies for lack of subject matter jurisdiction.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

The gravamen of the Plaintiffs' action is that in or around January 2026 the Defendants allegedly banned them from entering the Arizona Capitol building "for the rest of the legislative session." *See* Compl. ¶¶ 25, 26, 48, 53, 59, 69, 80, 102. The Second Regular Session of the Fifty-Seventh Arizona Legislature adjourned *sine die* on June 13, 2026. The Court can and should take judicial notice of this indisputable fact. *See* Fed. R. Evid. 201(b); 23 C.J.S. CRIMINAL PROCEDURE AND RIGHTS OF ACCUSED § 959 ("The courts will take judicial notice of the dates when the legislature has convened and adjourned."); *see also Atkinson v. Aaron's LLC*, 733 F. Supp. 3d 1056, 1063 n.4 (W.D. Wash. 2024) (taking judicial notice of state legislature's bills). Because the putative "ban" expired upon the end of the legislative session, an injunctive or declaratory order could not remedy any ongoing and extant "injury." The Court accordingly lacks subject matter jurisdiction over any claims for prospective relief.

### STANDARD OF REVIEW

"Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not 'restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.'" *Golden W. Holdings Tr. v. United States*, CV-05-2237-PHX-

---

[1] The Court already has denied on mootness grounds the Plaintiffs' motion for a preliminary injunction.

SMM, 2006 WL 3742207, at *1 (D. Ariz. Dec. 18, 2006) (quoting *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988)).  And because "[a] plaintiff must demonstrate constitutional standing separately for each form of relief requested," *Davidson v. Kimberly Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018), a court can (and arguably must) dispose of discrete remedial theories over which it lacks subject matter jurisdiction, even if the cause of action can otherwise survive, *see White*, 227 F.3d at 220 (differentiating between prospective and retrospective remedies in mootness ruling); *see also Pridemore v. Colter Elec. LLC*, 668 F. Supp. 3d 874, 877 (D. Ariz. 2023) ("The Court has an independent obligation to determine whether it has subject-matter jurisdiction.").

## ARGUMENT

### I.   The Legislature's Adjournment Mooted the Plaintiffs' Claims for Prospective Remedies

Federal courts are not roving arbiters of abstract disagreements or lingering grievances; they are empowered only to resolve concrete "cases" and "controversies." U.S. Const. art. III, § 2.  To invoke a federal court's jurisdiction, a plaintiff "must show that he has 'suffered an injury in fact' that is caused by 'the conduct complained of' and that 'will be redressed by a favorable decision.'"  *Camreta v. Greene*, 563 U.S. 692, 701 (2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)).  But a plaintiff's standing at the commencement of the action does not irrevocably secure subject matter jurisdiction.  "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (citation omitted); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" (citation omitted)).

"The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (citation omitted).  When, as here, plaintiffs demand an injunction

against some course of conduct, their claim is moot "if 'the activities sought to be enjoined already have occurred, and the appellate courts cannot undo what has already been done.'" *N.D. v. Reykdal*, 102 F.4th 982, 989 (9th Cir. 2024) (citation omitted); *see also Bayer v. Neiman Marcs Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) ("A request for injunctive relief remains live only so long as there is some present harm left to enjoin." (citation omitted)). Similarly, declaratory relief is available "only when 'the challenged activity is not contingent, [and] has not evaporated or disappeared.'" *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1099 (9th Cir. 2001) (cleaned up).

By the Complaint's own terms, any putative "ban" of the Plaintiffs from the Capitol was temporally limited to the then-pending legislative session, and thus expired when the Legislature adjourned *sine die*. Plaintiffs pleaded no facts plausibly alleging that the prohibition will extend into, or be revived in, the 2027 legislative session. The case law confirms what common sense suggests: "when a challenged law is repealed or expires, a case becomes moot." *Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1131 (9th Cir. 2004). Because there is no extant "ban" that the Court could enjoin or declare unlawful, the Plaintiffs' claims for injunctive or declaratory relief are moot. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) ("When there is nothing left of a challenged law to enjoin or declare illegal, further judicial action would necessarily be advisory and in violation of the limitations of Article III."); *Seven Words*, 260 F.3d at 1099 (holding that claim for declaratory judgment was moot because the agency had eliminated the challenged policy and the dispute accordingly had "evaporated"). It follows necessarily that the Court must deny the Plaintiffs' motion for a preliminary injunction.

## II.    The Voluntary Cessation Exception Does Not Apply

It bears emphasis that the so-called 'voluntary cessation' exception to general mootness strictures cannot revive the Plaintiffs' moribund claims. "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice,'" unless "the challenged conduct cannot

reasonably be expected to start up again." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs., Inc.*, 528 U.S. 167, 189 (2000). The exception is animated by a concern that the defendant could resume "the challenged conduct as soon as the case is dismissed," and hence perpetually evade judicial review. *Bell v. City of Boise*, 709 F.3d 890, 898 (9th Cir. 2013) (citation omitted); *but see Bd. of Trustees of Glazing Health and Welfare Trust v. Chambers*, 941 F.3d 1195, 1198 (9th Cir. 2019) (en banc) (emphasizing that "we treat the voluntary cessation of challenged conduct by government officials 'with more solicitude than similar action by private parties.'" (cleaned up)).

The voluntary cessation doctrine is inapplicable here. This dispute (at least insofar as it concerns prospective remedies) abated because the alleged "ban" expired on its own terms. Crucially, its lapse was contingent upon an intervening development—to wit, the Legislature's adjournment—that is conceptually, legally, and causally independent of this litigation. "[T]he repeal, amendment, or expiration of challenged legislation" in the ordinary course—rather than as a strategic response to litigation—does not constitute voluntary cessation and "is generally enough to render a case moot." *Teter v. Lopez*, 125 F.4th 1301, 1306–07 (9th Cir. 2025) (citation omitted); *see also Brach v. Newsom*, 38 F.4th 6, 12 (9th Cir. 2022) ("The State did not rescind its [challenged] school closure orders in response to the litigation—the orders 'expired by their own terms.'"); *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (reasoning that "a statute that expires by its own terms does not implicate" the concerns underlying the voluntary cessation doctrine "[b]ecause its lapse was predetermined and thus not a response to litigation"); *Clarke v. United States*, 915 F.3d 699, 705 (D.C. Cir. 1990) ("[W]e find that non-reenactment of a one-time condition that expired of its own terms cannot be viewed as cessation of conduct . . . . It stretches the words beyond recognition to say that Congress 'voluntarily ceased' anything merely because it refrained from shooting some more arrows after the first landed.").

The Complaint itself alleges that the ostensible "ban" was, from the outset, contingent upon an extrinsic condition—namely, the pending legislative session. *See* Compl. ¶¶ 25, 26, 48, 53, 59, 69, 80, 102. The Legislature's adjournment embodied a

collective decision of each chamber's elected members, not a unilateral *ipse dixit* of the two named Defendants.  And the Plaintiffs cannot plausibly allege that this litigation in any way precipitated the adjournment decision or its timing.[2]  *See Nat'l Treasury Emp. Union v. Campbell*, 654 F.2d 784, 788 (D.C. Cir. 1981) (holding that demand for injunction against allegedly unlawful lobbying became moot when Congress adjourned, explaining that "this is not a case where a defendant abandoned his practice in anticipation of judicial review . . . Adjournment of Congress has destroyed the *raison d'etre* of the challenged conduct, and thus the basis for plaintiffs' claim for prospective relief").  Accordingly, because the alleged "ban" was terminated by the occurrence of an extrinsic event and not by the Defendants' own singular post-litigation decisions, the voluntary cessation exception cannot salvage the Plaintiffs' claims for prospective relief from a finding of mootness.

### CONCLUSION

The Court should dismiss the Plaintiffs' claims for declaratory and injunctive relief for lack of subject matter jurisdiction.[3]

RESPECTFULLY SUBMITTED this 24th day of June, 2026.

STATECRAFT PLLC

By:  */s/ Kory Langhofer*
Kory Langhofer
Thomas Basile
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003

*Attorneys for Defendants*

---

[2] To the contrary, the Legislature's internal rules prescribe a presumptive deadline for adjournment.  *See* Rule 27(A), Ariz. State Senate Rules, Fifty-Seventh Legislature, *available at* https://www.azsenate.gov/alispdfs/SenateRules2025-2026.pdf; Rule 2(A), Ariz. House of Reps. Rules, Fifty-Seventh Legislature, *available at* https://www.azhouse.gov/alispdfs/AdoptedRulesofthe57thLegislature_ConformingChang es.pdf.

[3] For the reasons set forth in their response to Plaintiffs' motion for a preliminary injunction (Doc. 10), Defendants maintain that Plaintiffs' claims for damages are barred by the doctrines of legislative and/or qualified immunity.  Because the full development of those defenses may necessitate reliance on facts outside the pleadings, however, they are not amendable to resolution through a motion under Rule 12(b)(6) or Rule 12(c) at this time.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of June, 2026, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

*/s/ Kory Langhofer*