

649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003
(602) 382-4078

Kory Langhofer, Ariz. Bar No. 024722
kory@statecraftlaw.com
Thomas Basile, Ariz. Bar. No. 031150
tom@statecraftlaw.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Living United for Change in Arizona (LUCHA), *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Warren Petersen, *et al.*,<br><br>Defendants. | No. 2:26-cv-02320-SMB<br><br><br>**REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** |

Defendants Warren Petersen, in his official capacity as the President of the Arizona State Senate, and Steve Montenegro, in his official capacity as the Speaker of the Arizona House of Representatives, respectfully submit this reply in support of their motion to dismiss the Plaintiffs' claims for injunctive, declaratory, or other prospective remedies for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  *See* Doc. 18.

### INTRODUCTION

It is undisputed that the alleged trespass notices that the Plaintiffs demand the Court declare unlawful and enjoin expired when the Arizona Legislature adjourned *sine die* on June 13, 2026.  Because there is no extant, ongoing injury that any prospective order could effectively redress, the Plaintiffs' claims are moot.

Neither of the primary exceptions to mootness strictures—*i.e.*, voluntary cessation or capable of repetition but evading review—applies here.  Critically, it is the Plaintiffs, not the Defendants, who bear the burden of proving that a facially moot dispute remains live. Defendants' Motion outlined at length—and Plaintiffs' Response did not controvert—that the Legislature adjourned in the ordinary course of its business; there is no evidence that this judicial proceeding influenced its decision.  The voluntary cessation doctrine hence is irrelevant.  *See* Doc. 22 at 4 (conceding that "Defendants are correct that th[e] 'voluntary cessation' exception to mootness is not applicable here").

Plaintiffs fare no better under the capable of repetition exception.   Their Response fixates on prognostications of *Defendants*' supposed future actions or intentions.  But they studiously avoid the antecedent question on which the justiciability of their lawsuit pivots: do *Plaintiffs* intend to disrupt legislative proceedings in the future?  Unless and until they plead that they do, there is no viable claim with respect to which this Court could grant prospective relief.

### ARGUMENT

**I.    By the Complaint's Own Terms, Plaintiffs' Claims for Prospective Remedies Are Moot**

"A request for injunctive relief remains live only so long as there is some present

harm left to enjoin." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (citation omitted); *see also Gers v. Vantage W. Credit Union*, No. CV-19-04964-PHX-DJH, 2020 WL 13605449, at *4 (D. Ariz. Aug. 6, 2020) ("An actual controversy must exist at the time the complaint is filed and through all stages of the suit."). And because the existence of a live case or controversy is a condition precedent to the Court's Article III subject matter jurisdiction, "[i]f there is no longer a possibility that a[] [plaintiff] can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation omitted).

Plaintiffs' claims for declaratory and injunctive relief are moot for the simple reason that the Complaint says that they are. The Complaint, which was filed on April 3, 2026, alleged that the Plaintiffs had been banned from entering some or all of the Arizona Capitol building "for the rest of the legislative session." Doc. 1 ¶ 25; *see also id.* ¶¶ 26 (alleging that certain Plaintiffs were "formally trespassed from the Senate building for the duration of this Legislative Session"), 27, 80 (alleging a "session-long ban"), 102 (alleging denial of Plaintiffs' "access [to] the Capitol for the duration of the session"). It is undisputed that the legislative session has now concluded. By the Complaint's own terms, the putative "bans" have lapsed, and there is no extant "ban," prohibition or other order or directive that the Court could enjoin or declare unlawful. *See Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019) ("Where there is nothing left of a challenged law to enjoin or declare illegal, further judicial action would necessarily be advisory and in violation of the limitations of Article III."); *Students for a Conservative Am. v. Greenwood*, 378 F.3d 1129, 1131 (9th Cir. 2004) ("We have said that when a challenged law is repealed or expired, a case becomes moot."). The Court accordingly should dismiss Plaintiffs' claims for prospective relief because it lacks subject matter jurisdiction over them.

Given that their declaratory and injunctive relief requests are *prima facie* moot, Plaintiffs bear the burden of salvaging them by proving the applicability of a recognized exception to the mootness doctrine. *See Honeywell Int'l., Inc. v. Nuclear Regulatory Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (explaining that once mootness is established,

2

"the opposing party bears the burden of showing an exception applies"). As discussed below, Plaintiffs do not (and cannot) adduce the requisite facts necessary to resuscitate their claims for prospective relief.

## II. Plaintiffs Have Not Shown That Any Alleged Injury is Capable of Repetition

Plaintiffs' contention that they are likely to be subject to future trespass notices finds no factual sustenance in their Complaint, which pleads no facts whatsoever concerning Plaintiffs' future actions, plans or intentions. Preliminarily, Plaintiffs' assertion that "[i]t is Defendants who have an obligation to prove the alleged wrongful conduct cannot be reasonably expected to recur" (Doc. 22 at 4) is objectively incorrect as a matter of blackletter law. "Unlike the initial mootness question, where the *defendants* have the burden, '[u]nder the 'capable of repetition' prong of the exception to the mootness doctrine, the *plaintiffs* have the burden of showing that there is a reasonable expectation that they will once again be subjected to the challenged activity.'" *Native Vill. of Nuiqsut v. Bureau of Land Mgmt.*, 9 F.4th 1201, 1209 (9th Cir. 2021) (citation omitted; emphasis in original).

Here, even the most liberal and expansive construction of the Complaint cannot extract allegations of future actions or occurrences in the succeeding (*i.e.*, 2027) legislative session. The Response vaguely remarks that "Plaintiffs intend to continue exercising their rights to assemble and appear at legislative proceedings." Doc. 22 at 5. As an initial matter, this statement appears nowhere in their operative pleading (*i.e.*, the Complaint). More to the point, though, that anemic and generic averment is far from sufficient to maintain a live dispute. "[I]n order to show that they will be subject to the 'same action again,'" the Plaintiffs must plead specific facts manifesting a future course of conduct that is "materially similar" to the actions or omissions that gave rise to the original alleged injury. *Wallingford v. Bonta*, 82 F.4th 797, 804–05 (9th Cir. 2023) (holding that plaintiffs had not shown that any "hypothetical future restraining order" would involve the same set of predicate facts and findings that gave rise to original (and now expired) restraining orders); *Pub. Util. Comm'n. of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996) ("When resolution of a controversy depends on facts that are unique . . . the action is not capable of

3

repetition and hence is moot"). By contrast, "[w]here 'the possibility of recurrence of the challenged conduct is only a speculative contingency,'" or is premised on hypothetical and undeveloped facts, "the case must still be dismissed as moot." *Roy v. State*, CV-03-2150-PHX-SRB, 2006 WL 120328, at *6 (D. Ariz. Jan. 13, 2006) (citation omitted); *see also Bayer*, 861 F.3d at 855 (holding that "absent any indicia of concreteness," a plaintiff's declarations about his future conduct are "insufficient to support a finding that an actual or imminent injury exists").[1]

In short, "[t]he only fact in the record before us that supports [the] claim" that Plaintiffs will receive trespass notices in the future "is that it happened once." *Foster*, 347 F.3d at 748. Their conclusory conjectures that the same circumstances will recur are "too remote to keep alive a case as an active controversy." *Id.* Plaintiffs' failure to plead any specific and non-speculative facts bearing on their intentions to disrupt legislative proceedings in the future is fatal to their claims for prospective relief.

### III. Any Amended Complaint Must Plausibly Allege a Concrete Plan to Engage in Similar Activities

If Plaintiffs are permitted to amend their Complaint, any future iteration of that pleading must set forth plausible and concrete facts manifesting an intention to engage in conduct or activities that are identical or substantially similar to those that resulted in prior trespass notices.[2] A plaintiff who has alleged past wrongdoing "is entitled to injunctive relief only if he can show that he faces a 'real or immediate threat . . . that he will be wronged

---

[1] Plaintiffs' citation to *Idaho Conservation League v. Bonneville Power Administration*, 142 F.4th 636 (9th Cir. 2025), does little to help them. There, the plaintiffs had challenged a government agency's funding allocations, but the monies already had been disbursed by the time their claims reached the court. The Ninth Circuit deemed the "capable of repetition" exception applicable because the agency "announced a [new] allocation [for the next fiscal year] that was similar in relevant respects." *Id.* at 641. Any purported analogy to *Idaho Conservation* thus is doubly defective. Not only have the Plaintiffs here not alleged that they will engage in the same conduct that precipitated the alleged trespass notices; they also never pleaded any plausible allegations that Defendants will continue the same enforcement policy in the new legislative session.

[2] Defendants do not stipulate that similar trespass orders will, as a matter of policy, be issued in future legislative sessions.

again in a similar way.'" *Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) ("[W]e have repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact, and that 'allegations of *possible* future injury' are not sufficient." (citation omitted; emphasis court's)).

It follows that, to survive a motion to dismiss a pre-enforcement challenge, the plaintiffs must "articulate[] a 'concrete plan' to violate the law in question." *Thomas v. Anchorage Equal Rights Comm'n.*, 220 F.3d 1134, 1139 (9th Cir. 2000). In the First Amendment context, that entails "giving details about their future speech such as 'when, to whom, where, or under what circumstances,'" and their "allegations must be specific enough so that a court need not 'speculate as to the kinds of political activity the [plaintiffs] desire to engage in or as to the contents of their proposed public statements or the circumstances of their publication.'" *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010) (citation omitted); *see also Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014) (finding pre-enforcement challenge to political speech law to be ripe where plaintiffs "have pleaded specific statements they intend to make in future election cycles"). Generalized and undifferentiated representations that Plaintiffs intend to engage in speech or expressive activity of some unspecified kind at the Arizona Capitol will not suffice. *See Munns*, 782 F.3d at 412 ("The family members' statements that they *might* seek to communicate in Iraq to determine who killed their relatives, coupled with the fact that it is unclear how [the challenged] hostage response policies would even apply . . . make this claim too speculative to constitute injury in fact."); *Wright v. Serv. Employees Int'l. Union Local 503*, 48 F.4th 1112, 1120 (9th Cir. 2022) ("Wright's fear" of future unauthorized union dues deductions based on past experiences "may be theoretically possible, [but] it is not 'certainly impending.'") (citation omitted). And Plaintiffs also must plausibly plead that this specific speech or conduct will, in fact, result in a trespass order.[3]

---

[3] It bears noting that A.R.S. § 41-1221(B) makes it a misdemeanor to "knowingly disturb[]

In sum, any amended complaint must plausibly allege, in concrete and specific terms, a plan by the Plaintiffs to engage in particular speech or expressive conduct on Arizona Capitol grounds in the 2027 legislative session that they believe will result in (or least present an imminent risk of) a trespass order. If leave to amend is granted, the Defendants fully reserve and do not waive their right to seek a dismissal of the amended complaint for failure to state a valid and justiciable claim upon which relief may be granted (or to move for dismissal on any other basis).

## CONCLUSION

For the reasons stated herein and in the Defendants' motion, the Court should dismiss the Plaintiffs' claims for declaratory and injunctive relief for lack of subject matter jurisdiction.

RESPECTFULLY SUBMITTED this 10th day of August, 2026.

STATECRAFT PLLC

By: */s/ Thomas Basile*
Kory Langhofer
Thomas Basile
649 North Fourth Avenue, First Floor
Phoenix, Arizona 85003

*Attorneys for Defendants*

---

the legislature" or to "commit[] any disorderly conduct in the immediate view and presence of either house, tending to interrupt its proceedings or impair the respect due its authority." Plaintiffs have not challenged the constitutionality of this statute, the violation of which was the predicate for the trespass orders now in dispute. Thus, irrespective of these orders' constitutionality (and even assuming that such orders would be issued in future legislative sessions), any amended complaint likely must effectively implicate Plaintiffs in a plan to engage in conduct that is a criminal offense under Arizona law.

6

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2026, I caused the foregoing document to be electronically transmitted to the Clerk's Office using the CM/ECF System for Filing, which will send notice of such filing to all registered CM/ECF users.

/s/ Thomas Basile