**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Living United for Change in Arizona, et al.,<br>Plaintiffs,<br>v.<br>Warren Peterson, et al.,<br>Defendants. | No. CV-26-02320-PHX-SMB<br>**ORDER** |

The Court now considers Defendants' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 18). Plaintiffs filed a Response (Doc. 22) and Defendants filed a reply (Doc. 23). The Court **grants** the Motion for the following reasons.

## I. BACKGROUND

Plaintiffs—based on their conduct during legislative hearings—were banned from entering Arizona legislative buildings for the duration of the Second Regular Session of the Fifty-Seventh Arizona Legislature (the "Session"). (Doc. 1 at 4.) The Session began in January 2026 and ended in June 2026. *See 2026 Session Timeline*, Ariz. State. Senate, https://www.azsenate.gov/alispdfs/2026SessionTimeline.pdf (last visited Aug. 10, 2026); (Doc. 18 at 2; Doc. 22 at 3.) Plaintiffs claim that the ban was unconstitutional. However, because the ban has since expired, Defendants argue that Plaintiffs' claims for injunctive, declaratory, or other prospective remedies are now moot.

## II. LEGAL STANDARD

"The Constitution limits Article III federal courts' jurisdiction to deciding 'cases' and 'controversies.'" *Oklevueha Native Am. Church of Haw., Inc. v. Holder*, 676 F.3d 829,

835 (9th Cir. 2012) (quoting U.S. Const. art. III, § 2). "Mootness, like the related doctrine of standing, restricts judicial power to the decision of cases and controversies." *Nome Eskimo Cmty. v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995). Mootness is "the doctrine of standing set in a time frame" and "as with standing, the federal courts lack power to make a decision unless the plaintiff has suffered an injury in fact, traceable to the challenged action, and likely to be redressed by a favorable decision." *Id.* (citation modified). Thus, "[a] suit becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

**III. DISCUSSION**

Defendants contend that this case is moot because the ban has expired. (Doc. 18 at 4.) However, "sometimes a case may not be moot even if the plaintiff would not have standing to bring it today." *Planned Parenthood of Greater Wash. & N. Idaho v. U.S. Dep't of Health & Hum. Servs.*, 946 F.3d 1100, 1109 (9th Cir. 2020). Defendants contend that the "voluntary cessation exception" does not apply here. (Doc. 18 at 5.) Plaintiffs agree, but contend that that the "capable of repetition, yet evading review" exception applies here. (Doc. 22 at 5.) Defendants argue that Plaintiffs failed to meet their burden to show likelihood of repetition.

The evading judicial review exception applies "where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Kingdomware*, 579 U.S. at 170 (citation modified). Plaintiffs shoulder the burden of proving that the exception applies. *See Price v. Cnty. of Los Angeles*, 504 F. Supp. 3d 1099, 1104 (C.D. Cal. 2020) ("The 'burden for showing a likelihood of recurrence' is 'firmly on the plaintiff.'" (quoting *Sample v. Johnson*, 771 F.2d 1335, 1342 (9th Cir. 1985))).

The first element is satisfied. Plaintiffs were banned from entering Arizona legislative buildings during the Session which lasted approximately five months. Generally, Arizona's legislative sessions only last a few months. *See Arizona Law:*

*Arizona Legislature*, Ariz. State Univ. Ross-Blakely L. Libr., https://libguides.law.asu.edu/ArizonaLaw/arizonalegislature (last visited Aug. 10, 2026) ("Regular sessions begin the second Monday of the year and generally last 100 days."). Thus, the "limited duration of the controversy [was] clear at the action's inception." *See Hamamoto v. Ige*, 881 F.3d 719 (9th Cir. 2018) (citation modified).

The second element is not satisfied. "The 'capable of repetition' prong of the exception requires a reasonable expectation that the same party will confront the same controversy again." *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (citation modified). "Plaintiffs must articulate a 'concrete plan' to violate the law in question by giving details about their future speech such as when, to whom, where, or under what circumstances." *Lopez v. Candaele*, 630 F.3d 775, 787 (9th Cir. 2010) (citation modified). There are no allegations in the Complaint that any Plaintiff intends to engage in similar conduct in the future. Thus, there is no reasonable expectation that Plaintiffs will be subjected to similar legislative-session-long bans in the future.

## IV. LEAVE TO AMEND

Plaintiffs have requested leave to amend the complaint if the Court grants Defendants' motion. Defendants did not address this request in their reply. "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation modified). Plaintiffs may be able to cure the deficiency but are cautioned that they must allege plausible and concrete facts and not speculative.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED granting** Defendants' Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 18).

**IT IS FURTHER ORDERED** granting Plaintiffs leave to amend. Plaintiffs have

until **September 21, 2026** to file an amended complaint. The Clerk of Court is directed to terminate this case on **September 22, 2026** if no amended complaint is filed prior to that date.

Dated this 2nd day of September, 2026.

Honorable Susan M. Brnovich
United States District Judge