Jacqueline Mendez Soto, 022597
James E. Barton II, 023888
Joshua A. Barro, 039369
BARTON MENDEZ SOTO PLLC
6625 S. Rural Road, Suite 111
Tempe, Arizona 85283
(480) 550-5165
Jacqueline@bartonmendezsoto.com
James@bartonmendezsoto.com
Charles@bartonmendezsoto.com
Josh@bartonmendezsoto.com

*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE STATE OF ARIZONA**

| | |
|---|---|
| Living United for Change in Arizona (LUCHA), an Arizona nonprofit corporation; Miriam Georgina Mendez, an individual; Osvaldo Alvarez, an individual; Vivian Serafin, an individual; Dayne Saldana, an individual; Faith Ramon, an individual; Leilani Ramos Matu'u, an individual; Rocio Patino, an individual; and Pedro Paredes, an individual;<br><br>Plaintiffs,<br><br>v.<br><br>Warren Peterson, in his individual and official capacity as Senate President; Steve Montenegro, in his individual and official capacity as Speaker of the House; and Does I-V in their individual and official capacities,<br><br>Defendants. | Case No.: CV-26-02320-PHX-SMB<br><br>**FIRST AMENDED COMPLAINT**<br><br>(Declaratory Judgment and Injunctive Relief)<br><br>(Jury Trial Requested)<br><br>(Assigned to the Hon. Susan M. Brnovich) |

Plaintiffs, Living United for Change in Arizona ("LUCHA"), Miriam Georgina Mendez, Osvaldo Alvarez, Vivian Serafin, Dayne Saldana, Faith Ramon, Leilani Ramos Matu'u, Rocio Patino, and Pedro Paredes (collectively "Plaintiffs"), by and through undersigned counsel, hereby file this First Amended Complaint against Warren Peterson, in his individual and official capacity as Senate President, Steve Montenegro, in his individual and official capacity as Speaker of the House, and Does I–V (collectively

"Defendants"), and allege as follows:

## INTRODUCTION

1. This action seeks redress of Defendants' violations of Plaintiffs' freedom of speech, freedom of association, freedom of assembly, freedom to petition and communicate with their elected representatives, and their right to due process and equal protection of the laws under the First and Fourteenth Amendments to the United States Constitution.

2. Plaintiffs bring this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.

3. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4).

4. Venue is proper in the United States District Court for the District of Arizona under 28 U.S.C. § 1391(b).

5. Plaintiffs allege facts establishing that this dispute presents a live case or controversy and is not moot, notwithstanding the expiration of the Second Regular Session bans.

6. Plaintiffs allege that Plaintiffs face a reasonable expectation that Defendants will subject them to the same session-long, building-wide bans again, and cross-reference the concrete facts alleged in the "Allegations Regarding a Reasonable Expectation of Repetition" section below at ¶¶ 58–62.

## PARTIES

7. LUCHA is a nonprofit organization incorporated under the laws of Arizona with its principal place of business in Maricopa County, Arizona. LUCHA works to empower low- and moderate-income Latino and immigrant families through grassroots organizing, policy advocacy, and civil engagement. A core component of LUCHA's mission is advocating at the Arizona Legislature on issues of human dignity and civil rights, including opposition to legislation that impacts the immigrant community, such as the legislation relevant to this Complaint. LUCHA brings this action on behalf of itself,

its employees, and its members. LUCHA has standing to bring these claims because its individual employees and members, including the named Plaintiffs in this action, have been directly and personally injured by Defendants' discriminatory and retaliatory bans, which deprive them of their constitutional rights to speech, petition, and assembly. LUCHA has itself suffered direct injury because Defendants' targeted exclusion of LUCHA's primary organizers from accessing the Capitol has frustrated the organization's mission and forced a diversion of its resources to address these unconstitutional barriers to its advocacy work.

8. Plaintiff Miriam Georgina Mendez ("Mendez") resides in Maricopa County, Arizona. She is the Organizing Director for LUCHA. Mendez is Latina of Mexican descent.

9. Plaintiff Osvaldo Alvarez ("Alvarez") resides in Maricopa County, Arizona. He is a Community Field Organizer for LUCHA. Alvarez is Latino of Mexican descent.

10. Plaintiff Vivian Serafin ("Serafin") resides in Maricopa County, Arizona. She is a Communications Coordinator for LUCHA. Serafin is Latina.

11. Plaintiff Dayne Saldana ("Saldana") resides in Maricopa County, Arizona. Dayne is a Statewide Digital Organizer for LUCHA and is Latina of Mexican descent.

12. Plaintiff Faith Ramon ("Ramon") resides in Pinal County, Arizona, and is a Senior Organizer for LUCHA. Ramon is Indigenous.

13. Plaintiff Leilani Ramos Matu'u ("Matu'u") resides in Maricopa County, Arizona, and is a Community Field Organizer for LUCHA. Matu'u is Indigenous Pacific Islander and Latina.

14. Plaintiff Rocio Patino ("Patino") resides in Maricopa County, Arizona, and is a fellow with LUCHA. Patino is Mexican.

15. Plaintiff Pedro Paredes ("Paredes") is an individual who resides in Maricopa County, Arizona. Paredes is a member of LUCHA. He is Latino of Mexican descent.

16. Defendant Warren Peterson ("Sen. Peterson") resides in Maricopa County, Arizona. At all material times, he is the President of the Arizona Senate. He has the

authority to maintain and enforce the policies and rules of the Senate. Senator Peterson is sued in his individual and official capacity.

17. Defendant Steve Montenegro ("Rep. Montenegro") resides in Maricopa County, Arizona. At all material times, he is the Speaker of the House of Representatives for the Arizona Legislature with the authority to maintain and enforce the policies and rules of the House. Rep. Montenegro is sued in his individual and official capacity.

18. Does I through V are designated for the individuals who acted with Senator Peterson and Rep. Montenegro to devise and execute the unreasonable and unlawful ban. They are sued in their individual and official capacities. Plaintiffs will amend the Complaint to identify them by name once the information is disclosed.

19. At all times relevant to this Complaint, all Defendants acted under color of state law in their official capacities. The issuance of the no-trespass orders discussed below was an exercise of the authority granted to them by the Arizona Constitution and the Rules of the House and Senate.

## FACTS

### Mendez's and Alvarez's Ban from the Senate Building

20. On or about January 26, 2026, Plaintiffs Mendez and Alvarez attended a hearing regarding Senate Bill S.B.1570, 57th Legislature, 2d Reg. Sess. (Ariz. 2026) ("SB1570").

21. LUCHA is opposed to SB1570 because it is LUCHA's view that the bill directly and indirectly allows people of color to be discriminated against in state employment.

22. Mendez and Alvarez attended the hearing in their capacity as employees of LUCHA and expressed their viewpoint that was also in opposition to the bill.

23. Senate security directed them to exit the hearing room and leave the meeting.

24. They respectfully and peacefully complied with the request.

25. On or about February 2, 2026, Mendez and Alvarez visited the Senate

building to attend a committee meeting.

26. Officer Joseph Kubacki, Sergeant at Arms, denied them entry.

27. Officer Kubacki informed Mendez and Alvarez that they were banned from entering the Senate building for the rest of the legislative session due to alleged disorderly conduct, and that their attempt to enter the building would result in their arrest.

28. Kubacki gave Mendez and Alvarez an envelope containing a note, which contained no information specifically identifying Mendez and Alavarez, the incident upon which the accusation was based, or a means to challenge the determination, stating, "Due to your disorderly behavior in the Senate building and your violation of ARS 41-122(B) you are formally trespassed from the Senate building for the duration of this Legislative Session. If you attempt to enter during this period you will be subject to arrest."

29. Mendez and Alvarez deny engaging in activities that warrant banning them from entering the building or for the remainder of the legislative session.

30. Nonetheless, they complied with the notice and have not attempted to enter the building since then.

**Alvarez's ban from the House Building**

31. On or about February 11, 2026, a security agent for the House of Representatives denied Plaintiff Alvarez entry into the House of Representatives Building and warned that he would be arrested if he attempted to enter.

32. The agent stated that he was prohibited from entering for activities that Alvarez allegedly engaged in outside of the building.

33. Alvarez has engaged in protected, free speech activity outside of Capitol building.

34. Alvarez has not engaged in any unlawful, disorderly or otherwise unprotected activity outside of the Capitol building.

35. The House security officer did not provide any written notice to Alvarez, only vague allegations of conduct outside in the public area.

**All Other Bans from the Senate Building**

36. On or about February 18, 2026, Plaintiffs Serafin, Saldana, Ramon, Ramos, Patino, and Paredes attended a Judiciary and Elections committee meeting on S.B. 1635, 57th Legislature, 2d Reg. Sess. (Ariz. 2026) ("SB1635"), a bill that would criminalize protesting ICE activities.

37. During the hearing, a LUCHA member testified, expressing their viewpoint and that of LUCHA, about the injustice of the bill.

38. The Chairman of the committee, Senator Wendy Rogers, interrupted the speaker by pounding her gavel.

39. Some of the Plaintiffs named in paragraph 33 and other individuals not named in this Complaint stood up in protest to Senator Rogers' interruption.

40. Plaintiffs were peaceful and silent; however, Senator Rogers pounded her gavel again and demanded their ouster.

41. At that point, some people in the audience, including some but not all of the Plaintiffs, peacefully expressed their anti-ICE sentiment.

42. They directed to leave the hearing room, and they peacefully and respectfully complied.

43. On or about February 20, 2026, a Senate security guard issued the same written no-trespass notice issued to Mendez and Alvarez containing no information identifying the targeted individuals, the incident upon which the accusation was based, or a means to challenge the determination to Plaintiffs Serafin, Saldana, Ramon, Ramos, Patino, and Paredes as they arrived to attend hearings.

44. The security guard either could not or would not explain the activity or date for which they were being trespassed, but they were given an envelope with an identical notice as given to Mendez and Alvarez on February 11.

**Allegations Applicable to All Plaintiffs**

45. At all relevant times, Plaintiffs have been respectful and compliant with instructions when attending events at the Capitol and expressing their viewpoint; their viewpoint is in opposed by Sen. Petersen and Rep. Montenegro.

46. Plaintiffs never posed a threat of any kind to any person inside the Capitol or outside in the public areas around the Capitol.

47. Some Plaintiffs who did not engage in expressive activity during hearings were also banned.

48. LUCHA members who are white and who attended events at the Capitol with Plaintiffs in February were not banned from entering the Capitol buildings.

49. None of the Plaintiffs engaged in activity that warrants a ban from parts of or the entire Capitol buildings.

50. None of the Plaintiffs engaged in activity that warrants a ban from the Capitol buildings for the duration of the legislative session.

51. All Plaintiffs were issued a generic, non-descriptive statement alleging that they were banned from entering the Senate building based on "disorderly behavior."

52. None of the Plaintiffs were provided adequate notice of the alleged activity at issue or an opportunity to be heard regarding the alleged "disorderly behavior."

53. None of the Plaintiffs have attempted to enter the Senate building due to the threat of arrest.

54. Alvarez was not issued any notice about his ban from the House building but was verbally threatened with arrest if he entered the building. He has not attempted to enter the building due to the threat of arrest.

55. As a result of the blanket and session-long ban, Plaintiffs have missed many committee meetings and hearings on issues and legislation important to them and LUCHA.

56. They have also been deprived of the opportunity to meet with legislators to perform advocacy activities on behalf of LUCHA.

57. Plaintiffs were denied entry into the legislative buildings because of the viewpoint, which is opposed by Defendants, their race, and their association with LUCHA and the causes and community that LUCHA represents.

58. **Reasonable Expectation of Repetition.** Each Plaintiff intends to return to

the Arizona Senate and House buildings to engage in the same protected advocacy during future regular legislative sessions. As the Arizona Legislature has adjourned the Fifty-seventh Legislature – Second Regular Session as of June 13, 2026 10:06 A.M., and no committee meetings scheduled, it is impossible to identify specific meetings that Plaintiffs plant to attend. Nonetheless, as members of LUCHA the Plaintiffs support the People First Economy Campaign. This campaign specifically and directly target advocating for change at the Legislature: "It's time for us to push back on our leaders who pass government budgets year after year that overfund police budgets and prioritize corporate interests. That is why we need to fight, together, for an economy that works for everyone, not just the rich." https://www.luchaaz.org/people-first-economy

59. Legislative advocacy at the Arizona Capitol is a core, recurring component of LUCHA's mission, in which LUCHA and the individual Plaintiffs participate each session. LUCHA and it's partner 501c3 ACE have been involved in direct advocacy at the Capitol for years. *See,* e.g., "Arizona Budget Delivers Needed Investments," LUCHA Press Release (Sep. 24, 2025), https://tinyurl.com/mukyttap; "Education, housing, paid leave: Advocates demand record budget surplus be invested in Arizonans' well-being," AZ Mirror (Apr. 23, 2022), https://tinyurl.com/4w5a549y.

60. There is a reasonable expectation that Defendants will again subject Plaintiffs to the same or materially similar session-long, building-wide bans.

61. Each Arizona regular legislative session lasts only a few months (generally about 100 days), so any future session-long ban would again expire before Plaintiffs could fully litigate its constitutionality.

62. Plaintiffs intend to attend and address specific legislative matters in the upcoming session, including paid family and medical leave for all, affordable housing and affordable childcare. https://www.luchaaz.org/people-first-economy Plaintiff LUCHA specifically encourages active involvement in legislative processes, which was the target of the suppression alleged here. https://www.luchaaz.org/get-involved.

## COUNTS

**<u>Count 1</u>**
**Violation of the First Amendment**
**Unreasonable Restriction in a Limited Public Forum**
**All Defendants**

63. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

64. The Arizona Senate and House buildings and the committee hearings held therein constitute a limited public forum.

65. Any restriction on speech or access in a limited public forum must be reasonable in light of the purpose served by the forum.

66. Defendants' issuance of session-long, building-wide "no-trespass" bans against Plaintiffs is unreasonable in its scope and duration.

67. The bans go far beyond what is necessary to maintain order and decorum during legislative proceedings, as they prohibit Plaintiffs from accessing legislators' offices, attending unrelated public meetings, or engaging in any form of petitioning within the seat of government.

68. The punishment (a months-long total exclusion) is disproportionate or punitive for the peaceful expressive activity engaged in by some but not all Plaintiffs during one hearing, particularly where Plaintiffs immediately and peaceably complied with instructions to leave the hearing room.

69. By imposing a total ban rather than a less restrictive measure (such as a warning or removal from a single meeting), Defendants have exceeded the bounds of reasonableness permitted under the First Amendment and violated Plaintiffs' rights.

70. Defendants acted under color of state law to deprive Plaintiffs of their constitutional rights.

**<u>Count 2</u>**
**Violation of the First Amendment**
**Free Speech Viewpoint Discrimination**
**42 U.S.C. § 1983, U.S. Const. Amend. I**
**All Defendants**

71. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

72. The Arizona Capitol and its committee rooms are designated or limited public forums where the public has a right to petition the government.

73. The Plaintiffs' opposition to SB1635 and SB1570, two bills that target minorities and immigrant communities, constitutes their viewpoint and it is protected political speech.

74. Defendants' ban is viewpoint discriminatory because it targets Plaintiffs specifically for the content of their advocacy No advocates who shared Defendants' viewpoint on SB1365 and SB1570 were removed from the limited public forum.

75. Defendants' ban is excessively broad and punitive because it targets Plaintiff's specifically for their viewpoint.

76. A permanent or session-long ban for activities that occurred once or did not occur at all is an excessive prior restraint on future protected speech.

77. Defendants acted under color of state to deprive Plaintiffs of their constitutional rights.

**<u>Count 3</u>**
**Violation of the First Amendment**
**Right to Petition**
**All Defendants**

78. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

79. The First Amendment guarantees the right of the people to petition the government for redress of grievances.

80. This right encompasses communicating with legislators to influence legislation, attending legislative sessions, testifying at hearings, and meeting with elected representatives.

81. The ban prevents Plaintiffs from attending legislative sessions, testifying at committee hearings, meeting with legislators, accessing legislators' offices, and participating in public comment.

82. Excluding Plaintiffs from this forum based on their viewpoint denies them a meaningful opportunity to petition for redress of grievances.

83. Defendants acted under color of state to deprive Plaintiffs of their constitutional rights.

**<u>Count 4</u>**
**Violation of the First Amendment**
**Freedom of Association**
**2 U.S.C. § 1983; U.S. Const. Amend. I**
**All Defendants**

84. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

85. Plaintiffs are employees and a member of LUCHA, a group formed for the purpose of expressive association—specifically, to advocate for the civil rights of Latino and immigrant communities in Arizona.

86. The First Amendment protects the right of individuals to associate with others in pursuit of a wide variety of political, social, and economic ends.

87. By issuing a session-long ban against multiple representatives of the same organization simultaneously, and not against anyone who was not a member of the organization, Defendants have imposed a substantial burden on the group's ability to engage in its collective mission.

88. The ban serves to chill the associational rights of the organization's members by signaling that affiliation with this specific group will result in exclusion from the seat of government.

89. There is no compelling state interest in banning the group's representatives entirely.

90. The sweeping ban cripples the organization's legislative presence.

**<u>Count 5</u>**
**Violation of the First Amendment**
**Retaliation for Protected Speech**
**Defendant Representative Montenegro and Doe Defendants**

**42 U.S.C. § 1983, U.S. Const. Amend. I**

91. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

92. Plaintiff Alvarez was banned from entering the House building for alleged activity outside of the building.

93. The space outside the House building is the sidewalk, in a public space.

94. The public sidewalk is a traditional public forum where the protections of the First Amendment are strongest.

95. Alvarez has engaged in political speech on the public sidewalk.

96. Rep. Montenegro and Doe Defendants took action against Alvarez in retaliation for his protected activities.

97. The House building security personnel told Alvarez that he was banned from the building for his activities outside of the building.

98. A person of ordinary firmness would be deterred from continuing to engage in protected activity if such speech resulted in a total ban from the seat of government and the threat of criminal prosecution.

99. Rep. Montenegro and Doe Defendants acted under color of state to deprive Alvarez of his constitutional rights.

**Count 6**
**Violation of the Fourteenth Amendment**
**Equal Protection**
**42 U.S.C. § 1983, U.S. Const. Amend. XIV**
**All Defendants**

100. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

101. Plaintiffs are people of color.

102. Defendants have treated similarly situated individuals differently based on race and national origin.

103. White people who engaged in the same or similar activities that Plaintiffs are alleged to have engaged in were not barred from the building.

104. The selective enforcement constitutes discriminatory intent against the

Latino/pro-immigrant group.

105. The Legislature has no compelling state interest that justifies banning one racial or ethnic group while allowing another to remain after the same or similar alleged conduct.

**Count 7**
**Violation of the Fourteenth Amendment**
**Procedural Due Process**
**42 U.S.C. § 1983; U.S. Const. Amend. XIV**
**All Defendants**

106. Plaintiffs incorporate the allegations set forth above as though fully set forth herein.

107. Plaintiffs have a liberty interest in accessing public buildings and participating in the democratic process.

108. Defendants issued a long-term trespass notice/ban, thereby depriving Plaintiffs of this liberty interest, without providing notice or a meaningful opportunity to be heard to contest the allegations.

109. Plaintiffs' activities do not provide a sufficient legal basis to deprive Plaintiffs of their right to access the Capitol for the duration of the session without due process of law.

**WHEREFORE**, Plaintiffs request that the court:

A. Issue a Declaratory Judgment stating that the ban is unconstitutional and that Defendants violated Plaintiffs' constitutional rights.

B. Grant a Preliminary and Permanent Injunction forbidding Defendants from violating Plaintiffs' rights now and in the future as supported by Plaintiffs' Motion for Injunctive Relief filed concurrently herewith.

C. Award Plaintiffs nominal damages against Defendants, jointly and severally.

D. Award Plaintiffs compensatory damages against each Defendant, jointly and severally.

E. Award punitive damages against each Defendant, jointly and severally.

F. An award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988 and the Arizona private attorney general doctrine.

G. Award all other relief the Court deems just and property under the circumstances.

**DATED** this 21st day of September, 2026.

**BARTON MENDEZ SOTO PLLC**

**By**: James E. Barton II
James E. Barton II
Jacqueline Mendez Soto
Joshua A. Barro
6625 S. Rural Road, Suite 111
Tempe, AZ 85283
*Attorneys for Plaintiffs*

**Notice of Electronic Filing and Certificate of Service**

I certify that I electronically filed the foregoing with the Clerk of the Court on September 21, 2026, for filing and uploading to the CM/ECF system which will send notification of such filing to the following parties:

Kory Langhofer
Thomas Basile
STATECRAFT
649 N. Fourth Avenue, First Floor
Phoenix, Arizona 85003
kory@statecraftlaw.com
tom@statecraftlaw.com
*Attorneys for Defendants*

*By: /s/ Rosa Torres*